Dear Mr. Comeaux:
Reference is made to your request for an opinion of this office, on behalf of the Lafayette Consolidated Government (the "LCG"), regarding certain fund-raising activities proposed for the Lafayette Natural History Museum and Planetarium (the "Museum"), and for the Acadiana Center for the Arts (the "Arts Center"). You have advised that the LCG is the owner of the Museum, and that the LCG is the owner of the land and building, currently under renovation and development by the LCG and certain other agencies and entities as the Arts Center, pursuant to an Intergovernmental Agreement. The fund-raising activities, as proposed, will involve the recognition of donors by designation of items, areas, exhibits, spaces, etc. and/or the conferring of "naming rights" to areas or exhibits within the buildings to donors, depending upon the size of the donation(s).[1]
It is our understanding that the LCG has entered into a "Joint Cooperative Endeavor Agreement" (the "Agreement") with the Lafayette Natural History Museum and Planetarium Association, Inc. (the "Museum Association"), a non-profit organization organized under the laws of this State, pursuant to which, along with various other activities, the Museum Association is to engage in fund-raising activities for the Museum. In the case of the Museum, it would be the Museum Association that would actually conduct the naming recognition/fund-raising activities associated with the Museum. You advise that the funds so donated would be received by the Museum Association itself and would be used by the Museum Association, pursuant to the Agreement, for the support of the exhibitions and educational programs of the Museum.
Relative to the naming recognition/fund-raising activities associated with the Arts Center, it is our understanding that a group of presumably private business and civil leaders proposed to utilize the existing Acadiana Community Foundation, a non-profit entity, to receive, invest and manage the donated funds, which will be contributed to and specifically directed to an Acadiana Center for the Arts endowment account, the funds of which we assume will be utilized strictly for and on behalf of the Arts Center.
According to your correspondence, the LCG's Auditor has expressed concerns about the proposed fund-raising activities, as the naming recognition/fund-raising activities will be conducted by private organizations, as opposed to being conducted by the LCG itself. You advise that the Auditor questions whether an entity that is "external" to the LCG can market naming opportunities on behalf of the LCG when the funds so donated or generated thereby would be received and deposited directly with the private entity conducting the naming recognition/fund-raising activity, as opposed to the LCG. The Auditor also questions whether some type of legal restriction, pursuant to a restrictive trust or otherwise, must be put into place regarding (1) the expenditure and use of the donated funds received, and/or (2) a prohibition of the intermingling of the funds acquired through naming recognition/fund-raising activities "funds raised in traditional fund-raising activities by the external agencies". Specifically, in light of the Auditor's concerns, you have asked that this office address the proprietary of the proposed fund-raising activities.
This office is unaware of any provision of state law that would prohibit the LCG itself, from directly engaging in the type of naming recognition/fund-raising activities described in your request. Similarly, our research revealed no provision of state law which would prohibit the LCG from authorizing other entities or organizations, either public or private, from engaging in such fund-raising activities on its behalf, pursuant to a validly confected cooperative endeavor, or other agreement. In this regard, we call your attention to the Louisiana Supreme Court's decision Guste v. Nicholls College Foundation,564 So.2d 682 (La. 1990). Therein, a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be "given and accepted `under authority of the constitution and laws of this state' in furtherance of a governmental purpose", as opposed to a donation. The Court concluded that the funds were "transferred in the discharge of the Federation's constitutional or legal duties", and were accepted by the Foundation "with a commitment to assist the Federation in carrying out its constitutional and legal duties".
We note that the Guste v. Nicholls decision involved a direct transfer of public funds from a public body to a private entity, which private entity had agreed to utilize the funds in the furtherance of governmental purposes. Somewhat differently, the scenarios presented in your opinion request will involve the "transfer", or delegation of authority with respect to the responsibilities associated with naming rights by the LCG to a private entity, which private entity will then collect funds, on behalf of the LCG, which funds will be utilized strictly in the furtherance of the governmental purposes of the LCG, in connection with the Museum and the Arts Center. In spite of the difference, we believe the reasoning and conclusion reached in Guste v. Nicholls to be pertinent to your request and controlling of our decision herein. In our opinion, the proposed naming recognition/fund-raising activities, by private entities on behalf of and for the benefit of the Museum and the Arts Center, if conducted with the approval of, and on behalf of the LCG, would appear to be in the nature of constitutionally sanctioned cooperative endeavors. La. Const. (1974) Art. VII, Sec. 14.
With regard to the Auditor's concerns regarding whether some type of legal restriction, pursuant to a restrictive trust or otherwise, must be put into place regarding the expenditure and use of the donated funds received, it is the opinion of this office that the agreements (the details of which are suggested to be reduced to writing, if not already committed to writing) between the LCG and the Museum Association and the Acadiana Community Foundation, respectively, should dictate all pertinent limitations to be placed upon the expenditure of the funds received by virtue of the naming recognition/fund raising activities, and should dictate that the funds will only be utilized in furtherance of the public purposes of the LCG in connection with the Museum and the Arts Center. The agreements can set forth exactly what public purposes the funds will be expended for, and can contain as much specificity in that regard as the LCG determines is necessary, or desirous, to ensure the funds will only be expended for governmental purposes.
With regard to the Auditor's concerns regarding the intermingling of funds acquired through naming recognition/fund-raising activities with "funds raised in traditional fund-raising activities", our research did not reveal any state law which would prohibit same, assuming all of the funds so raised will be raised for governmental purposes. We are not accountants, however, and would defer to the LCG's Auditor with respect to any fund segregation practices which would be required in order for the LCG and its contractors to be in compliance with acceptable and proper accounting standards.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Date Released: July 28, 2003
Jeanne-Marie Zeringue Barham Assistant Attorney General
[1] Your letter indicates that you and the LCG are familiar with the opinions of this office regarding LSA-R.S. 14:316, which prohibits the naming of public buildings in honor of any living person, as well the opinions of this office which interpret LSA-R.S. 14:316, and opine as to the legality of naming portions of public buildings in honor of living persons. As such, a discussion of what is allowed or disallowed by that provision of law is not included herein.